# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BENJAMIN CUTLIP,

      Petitioner,   :      Case No. 2:23-cv-02574

  - vs -                    District Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception
  Institution,

                                 :
      Respondent.

# ORDER DENYING APPOINTMENT OF COUNSEL;
# REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT

      This habeas corpus case was brought *pro se* by Petitioner Benjamin Cutlip to obtain relief from his conviction on drug charges in the Belmont County Court of Common Pleas. On September 12, 2024, the undersigned filed a Report and Recommendations recommending the Petition be denied with prejudice ("Report," ECF No. 19). Petitioner sought and received extensions of time to file objections up to and including October 31, 2024 (ECF No. 21). When Petitioner had filed no objections by November 12, 2024, District Judge Sargus adopted the Report and dismissed the case (ECF Nos. 22 & 23). On the same day, the Court received a request from Petitioner for an additional thirty days to object (ECF No. 24). Because Judge Sargus had already entered judgment, that option was not available. The Magistrate Judge instead notified Petitioner he could file a motion to amend the judgment not later than December 10, 2024 (ECF No. 25).

1

The instant Motions to Amend the Judgment (ECF No. 26) and to appoint counsel (ECF No. 27) followed.

A motion to amend a judgment is made under Fed.R.Civ.P. 59(e). For a district court to grant relief under Rule 59(e),

> "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).
>
> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.*; *McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may

2

request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Banister v. Davis*, 590 U.S. 504 (2020).

Petitioner's Motion to Amend does not meet this standard. In fact, it makes no argument at all as to why the Court's judgment embodies a "manifest error" of law. Petitioner has now had three months to make any substantive arguments showing error in the Report and has not done so. His Motion to Amend should therefore be denied. This recommendation renders his Motion to Appoint Counsel moot and it is hereby DENIED.

December 10, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

3

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.